IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN HOWARD,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 97-3144** |
| | : | |
| **DONALD VAUGHN, et al.,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                    **June   21, 2016**

John Howard is a prisoner at the State Correctional Institution at Graterford, Pennsylvania.  He is currently serving an aggregate term of thirty-five to seventy years' imprisonment for the 1987 convictions of three counts of rape and one count of involuntary deviate sexual intercourse.  The victim was his fifteen-year-old daughter.  He was also found guilty of several counts of indecent assault and corrupting a minor, but received no extra jail time for those offenses.  Mr. Howard now moves *pro se* for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  He seeks relief from the Order of the late Honorable Robert S. Gawthrop which approved and adopted the Report and Recommendation of retired United States Magistrate Judge Diane M. Welsh.  Judge Welsh recommended dismissing Mr. Howard's petition for writ of *habeas corpus* as untimely.  See Howard v. Vaughn, No. 97-3144 (E.D. Pa. June 19, 1998 (adopting Report and Recommendation that petition be dismissed as untimely). Upon appeal, the Third Circuit Court of Appeals denied Mr. Howard's request for a certificate of appealability finding that Mr. Howard was precluded from filing a petition

for writ of *habeas corpus* pursuant to the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).  The court further found that Mr. Howard had failed to establish "extraordinary circumstances" warranting the equitable tolling of that limitations period. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998).  For the following reasons, I will deny the motion in its entirety.

## I.  BACKGROUND[1]

On February 25, 1987, following a jury trial before the Honorable Ricardo C. Jackson, Mr. Howard was convicted of three counts of rape and one count of involuntary deviate sexual intercourse.  See Commonwealth v. Howard, Nos. 3664-66, 3678 Dec. Term 1984, slip op. at 1-3 (C.P. Phila. filed Nov. 16, 1987).  On June 23, 1987, Judge Jackson denied Mr. Howard's post-verdict motions and sentenced him to an aggregate term of thirty-five to seventy years in prison.  Id. at 3.  On May 18, 1988, the Superior Court of Pennsylvania affirmed the judgment of sentence, see Commonwealth v. Howard, No. 1974 Phila. 1987, Order (Pa. Super. May 18, 1988), and the Supreme Court of Pennsylvania denied a Petition for Allowance of Appeal on September 12, 1988, see Commonwealth v. Howard, No. 551 E.D. Alloc. Dckt. 1988.

On July 13, 2989, Mr. Howard filed a *pro se* petition for collateral review under Pennsylvania's Post-Conviction Hearing Act (superseded by the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq.*  Mr. Howard was thereafter appointed counsel who filed an amended petition.  On March 20, 1992, the Honorable Joseph I. Papalini

---

[1]  The procedural history is drawn largely from Judge Welsh's Report and Recommendation in response to Mr. Howard's *habeas* petition.  See Civ. No. 97-3144, Report & Recommendation, Nov. 25, 1997.

denied the petition for post-conviction relief.  See Commonwealth v. Howard, No. 3664 Dec. Term 1984, Order (C.P. Phila. Mar. 20, 1992).  On January 14, 1994, the Superior Court of Pennsylvania affirmed the denial of the petition for post-conviction relief, see Commonwealth v. Howard, No. 1420 Phila. 1992, Order (Pa. Super. Jan. 14, 1994), and the Supreme Court of Pennsylvania denied Mr. Howard's application to file a petition for Allowance of Appeal *nunc pro tunc* on May 5, 1994, see Commonwealth v. Howard, No. 18 E.D. Misc. Dckt. 1994.

On June 28, 1994, Mr. Howard filed a second *pro se* PCRA petition, which was denied by Judge Papalini by Order dated July 27, 1994.  On September 12, 1995, the Superior Court affirmed Judge Papalini's denial of the petition, see Commonwealth v. Howard, No. 3079 Phila. 1994, Order (Pa. Super. Sept. 12, 1995), and the Supreme Court of Pennsylvania denied allowance of appeal on March 20, 1996, see Commonwealth v. Howard, No. 807 E.D. Alloc. Dckt. 1995.

On May 1, 1997, Mr. Howard filed a petition for writ of *habeas corpus* in this court which was dismissed as untimely by Judge Gawthrop.  The Third Circuit denied a certificate of appealability.

## II.  STANDARD FOR RULE 60(b) MOTIONS

Rule 60(b) provides that the court may relieve a party or a party's legal representative from a final judgment, Order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The rule also indicates that "the motion shall be made within a reasonable time," and for the first three subsections, not more than one year after the judgment, Order, or proceeding was entered or taken.  Here, Mr. Howard claims relief pursuant to subsection (6) of the Rule.

In evaluating a Rule 60(b) motion, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's limits on successive petitions apply.  See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).  A Rule 60(b) motion shall be treated as a successive *habeas* petition if it is "in substance a *habeas corpus* application."  Id. at 531.  If the motion is construed as a second or successive *habeas* petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition.  See Burton v. Stewart, 549 U.S. 147, 153 (2007).  In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually *habeas* claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6).  Id.; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive *habeas* petition"); see also United States v. Edwards, 309 F.3d 110, 113 (3d

4

Cir. 2002) (motion under Fed. R. Civ. P. 60(b) to reconsider a § 2255 petition should be treated as an unauthorized successive § 2255 petition).

In those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier *habeas* judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. <u>Pridgen</u>, 380 F.3d at 727. As further held by the Third Circuit, this principle is consonant with Congress's goal of restricting the availability of relief to *habeas* petitioners. <u>Id.</u>

## III. DISCUSSION

Before looking at the merits of Mr. Howard's motion, it must first be determined whether it is, in essence, a second or successive petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;  or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Although couched in language characterizing his requested relief as properly available under Rule 60(b)(6), Mr. Howard does not raise any challenge under Rule 60(b) to the ruling in his previous *habeas* petition under one of the bases addressed by the rule such as mistake, newly discovered evidence, or fraud. Rather, he attempts to challenge the sentence imposed by Judge Jackson in state court. Moreover, Mr. Howard has not

demonstrated that there was fraud or any other defect in the integrity of the *habeas corpus* proceedings in this court as is required.  I also note that Mr. Howard has not demonstrated extraordinary circumstances or any other grounds for vacating the determination of his petition for *habeas corpus* relief.  This motion, under the guise of a Rule 60(b) motion, is actually a successive *habeas* petition, which may not be filed absent the approval of the Court of Appeals.  Therefore, I will deny the motion without prejudice to Mr. Howard's moving in the United States Court of Appeals for the Third Circuit for an Order authorizing the District Court to consider his second or successive petition under 28 U.S.C. § 2254.

In the alternative, even if I had jurisdiction to review this motion on its merits, it would still fail.  Mr. Howard partly bases his motion on the premise that the Superior Court of Pennsylvania determined that a statute under which he allegedly received a mandatory minimum sentence was unconstitutional under <u>Alleyne v. United States</u>, 563 U.S. 962 (2013).  In <u>Alleyne</u>, the defendant was originally convicted by a jury for carrying a firearm in relation to a crime of violence, which carried a mandatory minimum sentence of five years in prison.  <u>Alleyne</u>, 133 S.Ct. 2151.  When the defendant was sentenced, however, the judge concluded that the defendant had "brandished" the firearm, which, per the statute, increased his mandatory minimum sentence to seven years.  <u>Id.</u> Ultimately, the sentence was appealed and the Supreme Court found that "any fact that increases mandatory minimum sentence for [a] crime is [an] 'element' of [that] crime, not [a] 'sentencing factor,' that must be submitted to the jury." <u>Id.</u>  As such, the Supreme Court held that the jury, not the sentencing judge, should have determined if the

6

defendant truly "brandished" the weapon for the purposes of the statute in question.  See

Sacksith v. Warden Canaan USP, 552 F.App'x 108 (3d Cir. 2014).  Here, Mr. Howard

fails to draw a connection between his sentence in state court and what occurred in

Alleyne, or what legal principles gleaned from Alleyne could be applied in his case.  I

also note that the Third Circuit recently held, "While Alleyne set out a new rule of law, it

is not retroactively applicable to cases on collateral review."  United States v. Reyes, 755

F.3d 210, 212 (3d Cir. 2014).  Accordingly, Alleyne can provide Mr. Howard no relief.

Mr. Howard also claims that he is moving under Rule 60(b)(6) based on the

decision of the United States Supreme Court in McQuiggin v. Perkins, 133 S.Ct. 1924

(2013).  He then states that

> "[t]he facts of this case are extraordinary in that it is
> admitted by the Commonwealth of Pennsylvania that the
> petitioner is actual[ly] innocent.  However, to date, the
> Commonwealth has failed to vacate his conviction and
> has not allowed him review in the state court system."

Document #36 at 1.  Mr. Howard fails to provide any greater detail on the

Commonwealth's alleged admission of his innocence.  Instead, he indicates that "the trial

court judge found that a preponderance of the evidence supported a finding pursuant to

what has now been determined to be unconstitutional provisions of Pennsylvania's

sentencing practice under 42 Pa.C.S. § 9718(a)(1)."  He argues that

> "Pennsylvania's sentencing practice under 18 Pa.C.S. §
> 6317 contains the same format as multiple other statutes
> that were struck down as facially unconstitutional in
> Commonwealth v. Newman, 99 A.3d 86 (Pa. Super.
> 2014), and in Commonwealth v. Valentine, 101 A.3d 801
> (Pa. Super. 2014) (finding that the following statutes are
> unconstitutional pursuant to Alleyne v. United States, 133

7

> S.Ct. 2151 (2013): 42 Pa.C.S. § 9712(b)[sentences for
> offenses with guns]; 42 Pa.C.S. § 9712.1(c)[sentences for
> offenses with drugs and guns]; 42 Pa.C.S. §
> 9713(c)[sentences for offenses while on public
> transportation]; 42 Pa.C.S. § 9718(c)[sentences for
> offenses against infants]; 42 Pa.C.S. § 9719(b)[sentences
> for offenses while impersonating a law enforcement
> official]; 18 Pa.C.S. § 7508(b)[sentences for drug-
> trafficking offenses]; 18 Pa. C.S. § 6317(b)[sentences for
> offenses in drug-free school zones])."

Document #36 at 2. In McQuiggin, the United States Supreme Court held that in rare cases, federal *habeas* petitioners can overcome a procedural bar or untimeliness under the statute of limitations by making a convincing showing of "actual innocence." McQuiggin, 133 S.Ct. at 1928. As an example, in McQuiggin, the petitioner offered new evidence first available years after he was convicted that someone else had carried out the murder for which he was sentenced to life in prison. The Supreme Court sided with the petitioner, but cautioned that the "miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Id. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The Third Circuit recently clarified that while "a change in controlling precedent, even standing alone, might give reason for 60(b)(6) relief," as a practical matter "intervening changes in the law rarely justify relief from final judgments under 60(b)(6)." Cox v. Horn, 757 F.3d 113, 121 (3d Cir. 2014). But even assuming *arguendo* that the change in precedent of McQuiggin represents sufficiently extraordinary circumstances to trigger Rule 60(b)(6) relief in the abstract, Mr. Howard fails to show that McQuiggin has

8

any bearing on his case in particular.  Indeed, besides a bald assertion, Mr. Howard submits no "new evidence" whatsoever to establish his actual innocence, let alone evidence so convincing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 133 S. Ct. at 1935 (quoting Schlup, 513 U.S. at 327).  Mr. Howard also provides no support for his unsubstantiated assertion that the Commonwealth of Pennsylvania has somehow acknowledged his innocence.  If Mr. Howard were somehow entitled to relief based on the Superior Court's decisions in Valentine and Newman, the fact that he has not offered any new evidence to establish his actual innocence would render any such relief unattainable.

Nevertheless, Mr. Howard's motion must consequently fail for an additional reason.  It is time-barred by the very terms of Rule 60.  Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time." FED. R. CIV. P. 60(c)(1).  The Third Circuit interpreted that standard in Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342 (3d Cir. 1987), concluding there that the movant's Rule 60(b)(6) motion was untimely as it was filed two years after the judgment that provided "the reason for the attack." Id. at 1348; accord Gordon v. Monoson, 239 F.App'x 710, 713 (3d Cir. 2007) ("A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner").  The main bases for his argument, i.e., the decisions in Newman, Valentine, McQuiggin, and Alleyne, were decided over a year before Mr. Howard filed this motion

9

on November 20, 2015.[2]  Mr. Howard has not pointed to any "extraordinary circumstances" which could have excused his delay in filing this motion within a reasonable time.  Thus, Mr. Howard's motion is untimely under Rule 60(c)(1).

An appropriate Order follows.

---

[2] I also note that Mr. Howard makes fleeting reference to <u>Commonwealth v. Hopkins</u>, 117 A.3d 247 (Pa. 2015), as a decision which could provide him relief.  In <u>Hopkins</u>, the Supreme Court of Pennsylvania dealt with the mandatory minimum sentences in drug-free school zones pursuant to 18 Pa.C.S. § 6317(a) which has no apparent applicability to Mr. Howard's convictions and sentence in this case.